UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GABRIEL ENRIQUEZ, | ) Case No. CV 11-9063-GHK (SH) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION FOR WRIT |
| v. | ) OF HABEAS CORPUS |
| MICHAEL MARTEL, Warden (A), | ) |
| Respondent. | ) |

## I. BACKGROUND

On November 1, 2011, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. In his Petition, petitioner challenges his sentence resulting from his 1996 conviction for possession of cocaine, misdemeanor possession of drug paraphernalia, and misdemeanor assault. (Petition at 2). As best the Court can glean from petitioner's allegations, the Petition solely alleges that petitioner received an unfair sentence (25 years to life) for the possession of a small amount of cocaine. (Petition, Attachment

1

1  at 1, 5-6, 8-19).

2

3                              **II.  DISCUSSION**

4          On August 30, 1999, petitioner filed a Petition for Writ of Habeas Corpus

5  herein (Case Number CV 99-8573-GHK (SH)).  On September 24, 1999, petitioner

6  filed a First Amended Petition.  In that habeas petition, petitioner challenged the

7  same 1996 conviction and sentence.  On October 22, 2001, the district court denied

8  that habeas petition with prejudice, in accordance with the conclusions and

9  recommendations of the Magistrate Judge, as amplified by the district's court's

10 Order Adopting the Report and Recommendation.  On February 4, 2002, the district

11 court denied petitioner's request for a certificate of appealability.  On October 18,

12 2002, the Ninth Circuit denied petitioner's request for a certificate of appealability.

13         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

14 enacted on April 24, 1996, provides in pertinent part that:

15             (a) No circuit or district judge shall be required to entertain an

16        application for a writ of habeas corpus to inquire into the detention of a

17        person pursuant to a judgment of a court of the United States if it appears that

18        the legality of such detention has been determined by a judge or court of the

19        United States on a prior application for a writ of habeas corpus, except as

20        provided in §2255.

21             (b)(1) A claim presented in a second or successive habeas corpus

22        application under section 2254 that was presented in a prior application shall

23        be dismissed.

24             (2) A claim presented in a second or successive habeas corpus

25        application under section 2254 that was not presented in a prior application

26        shall be dismissed unless--

27             (A) the applicant shows that the claim relies on a new rule of

28        constitutional law, made retroactive to cases on collateral review by the

                                          2

1  Supreme Court, that was previously unavailable; or

2  (B)(i) the factual predicate for the claim could not have been

3  discovered   previously through the exercise of due diligence; and

4  (ii) the facts underlying the claim, if proven and viewed in light of the

5  evidence as a whole, would be sufficient to establish by clear and convincing

6  evidence that, but for constitutional error, no reasonable fact finder would

7  have found the applicant guilty of the underlying offense.

8  (3)(A) Before a second or successive application permitted by this

9  section is filed in the district court, the applicant shall move in the appropriate

10  court of appeals for an order authorizing the district court to consider the

11  application.

12  (B) A motion in the court of appeals for an order authorizing the

13  district court to consider a second or successive application shall be

14  determined by a three-judge panel of the court of appeals.

15  (C) The court of appeals may authorize the filing of a second or

16  successive application only if it determines that the application makes a

17  prima facie showing that the application satisfies the requirements of this

18  subsection.

19  (D) The court of appeals shall grant or deny the authorization to file a

20  second or successive application not later than 30 days after the filing of the

21  motion.

22  (E) The grant or denial of an authorization by a court of appeals to file

23  a second or successive application shall not be appealable and shall not be the

24  subject of a Petition for Rehearing or for a Writ of Certiorari.

25  (4) A district court shall dismiss any claim presented in a second or

26  successive application that the court of appeals has authorized to be filed

27  unless the applicant shows that the claim satisfies the requirements of this

28  section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition.  The instant Petition was filed on November 1, 2011, well after the effective date of the AEDPA. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28 U.S.C. § 2244(b)(3)(A).  It appears that no such authorization has been obtained in this case.  Thus, the Petition should be dismissed for that reason.

### III.  ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED:    11/14/11

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

Dated: November 9, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE